## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

|  |  |  |
|---|---|---|
| KENNETH COOK, JAMES BOTTS, SHAWN HUNTER, LARRY LACLAIR, THOMAS SHORT, GEORGE WILLIS, JAMES CAHOON, CHRIS PAULLEY, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) ) | Case No.: 3:17-cv-00909 |
|  | ) | District Judge Aleta A. Trauger |
| Plaintiffs, | ) ) |  |
| vs. | ) ) |  |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) ) ) ) |  |
| Defendant. | ) |  |

### DEFENDANT DUPONT'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant E. I. du Pont de Nemours ("Defendant" or "DuPont"), by and through its undersigned counsel, answers Plaintiffs Kenneth Cook, James Botts, Shawn Hunter, Larry LaClair, Thomas Short, George Willis, James Cahoon and Chris Paulley's ("Plaintiffs'") Complaint as follows:[1]

---

[1] On June 15, 2017, DuPont filed a Motion to Transfer the Venue of this Case to the United States District Court for the Eastern District of Texas. *See* Dkt. No. 27. On the same day, DuPont filed a Motion to Stay the Proceedings in this case until this Court rules on the Motion to Transfer. *See* Dkt. No. 28. For the reasons discussed in DuPont's Motion to Stay including judicial economy, the proceedings in this case should be stayed pending a ruling on transferring this case to the Eastern District of Texas. *See Id.* By filing this Answer, Defendant does not concede that this Court is the proper venue for this case to proceed. Defendant maintains that all of the remaining proceedings in this case should be stayed pending a resolution of DuPont's Motion to Transfer, despite DuPont's filing of this Answer as required by Federal Rule of Civil Procedure 12(a).

## INTRODUCTORY ALLEGATIONS

1.      Defendant acknowledges that Plaintiffs have submitted a Complaint against DuPont.  Defendant denies that Plaintiffs are "similarly situated" to any other employees that worked in Hourly Paid Positions at any of DuPont's plants nationwide, and denies that any collective action should be certified in this case on behalf of any of Defendant's employees.

2.      Defendant denies the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3.      Defendant avers that the allegations contained in the first sentence of paragraph 3 of Plaintiffs' Complaint set forth a legal conclusion without any allegation of fact to which no response is required.  Defendant denies all of the remaining allegations contained in paragraph 3 of Plaintiffs' Complaint.

## ALLEGATIONS AS TO PARTIES

2.      Defendant admits that Plaintiffs are current or former employees of Defendant that have brought this action as a putative collective action against Defendant.  Defendant denies that Plaintiffs are entitled to proceed collectively on behalf of themselves or others allegedly "similarly situated."  Defendant denies all of the remaining allegations contained in the second paragraph 2 of Plaintiffs' Complaint.[2]

3.      Defendant denies the allegations contained in the first sentence of the second paragraph "3" of Plaintiffs' Complaint.  Defendant admits the allegations contained in the second sentence of the second paragraph "3" of Plaintiffs' Complaint as to some Plaintiffs, but denies

---

[2] The fourth paragraph of Plaintiffs' Complaint is numbered Paragraph "2."  For the benefit of the Court, Defendant repeats the paragraph numbers used by Plaintiffs.

these allegations are accurate as to all Plaintiffs and putative class members.  Defendant denies all of the remaining allegations contained in the second paragraph "3" of Plaintiffs' Complaint.[3]

4.      Defendant denies the allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.      Defendant denies the allegations contained in the first sentence of paragraph 6 of Plaintiffs' Complaint.  Defendant admits the allegations contained in the second, third and fourth sentences of paragraph 6 of Plaintiffs' Complaint.

7.      Defendant admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.      Defendant admits the allegations contained in the first two sentences of paragraph 8 of Plaintiffs' Complaint.  Defendant denies all of the remaining allegations contained in paragraph 8 of Plaintiffs' Complaint.

## ALLEGATIONS AS TO JURISDICTION AND VENUE

9.      Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint for the reasons explained in Defendant's Motion to Transfer based on the first-filed rule.  *See* Dkt. No. 27.

## FACTUAL ALLEGATIONS

---

[3] The fifth paragraph of Plaintiffs' Complaint is numbered Paragraph "3."  For the benefit of the Court, Defendant repeats the paragraph numbers used by Plaintiffs.

11.     Defendant denies the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13.     Defendant denies the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.     Defendant admits the allegations contained in paragraph 16 of Plaintiffs' Complaint.

17.     Defendant admits the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.     Defendant admits the allegations contained in the first sentence of paragraph 19 of Plaintiffs' Complaint.  Defendant denies all of the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20.     Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22.     Defendant admits the allegations contained in paragraph 22 of Plaintiffs' Complaint as to some employees in hourly paid positions.  Defendant denies that the allegations contained in paragraph 22 of Plaintiffs' Complaint are accurate as to all employees in all hourly paid positions.

23.     Defendant admits the allegations contained in paragraph 23 of Plaintiffs' Complaint as to some employees in hourly paid positions.  Defendant denies that the allegations contained in paragraph 23 of Plaintiffs' Complaint are accurate as to all employees in all hourly paid positions.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32.     Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     Defendant admits that during 2016, Defendant made overtime premium payments for pre-April 2016 overtime work.  Defendant denies that this was an attempt to make up for "some" missed overtime payments, and denies Plaintiffs' allegation that any interest or liquidated damages were owed to any hourly paid employees.  Defendant denies all of the remaining allegations contained in paragraph 36 of Plaintiffs' Complaint not expressly admitted.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38.     Defendant denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.     Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

## **ALLEGATIONS AS TO COUNT I**

40.     Defendant re-alleges and incorporates by reference each and every response set forth in paragraphs 1-39 of this Answer.

41.     Defendant avers that the allegations contained in the first sentence of paragraph 41 of Plaintiffs' Complaint set forth a legal conclusion without any allegation of fact to which no response is required.  Defendant denies all of the remaining allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of Plaintiffs' Complaint.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiffs' Complaint.

**<u>Response to Prayer for Relief</u>**

The remainder of the Complaint is a prayer for relief requiring neither an admission nor a denial by Defendant.  To the extent, however, the prayer gives rise to any inferences such relief is proper or that Plaintiffs are entitled to any remedy or relief from Defendant, such inferences are denied.

Defendant denies any and all allegations in the Complaint that are not specifically admitted above in their entirety, including, in particular any allegations contained in the section headings of the Complaint.

**<u>AFFIRMATIVE AND OTHER DEFENSES</u>**

Defendant asserts the following affirmative and other defenses.  In asserting these defenses, Defendant does not assume the burden of proof with respect to any issue as to which applicable law places the burden of proof upon Plaintiffs.  The factual basis for the following defenses is set forth in more detail in the foregoing responses to the allegations in Plaintiffs' Complaint, which are incorporated herein by reference.

**<u>FIRST DEFENSE</u>**

Some or all of the allegations in Plaintiffs' Complaint fail to state a claim for which relief can be granted.

**<u>SECOND DEFENSE</u>**

Plaintiffs' claims, and those claims of any other person on whose behalf Plaintiffs seek to assert a claim under the FLSA, are barred to the extent that Plaintiffs seek damages beyond the applicable limitations periods.

**THIRD DEFENSE**

Plaintiffs' claims for allegedly unpaid overtime under the FLSA are barred as a matter of law during any workweeks in which Plaintiffs or any other putative class member did not work in excess of 40 hours per week.

**FOURTH DEFENSE**

Plaintiffs' claims are barred to the extent that Plaintiffs lack standing to bring the proposed collective action under the FLSA.

**FIFTH DEFENSE**

Plaintiffs' claims under the FLSA are barred by application of the doctrine of payment. Plaintiffs and all other persons on whose behalf Plaintiffs seek to assert a claim have been paid all wages due.  In particular, Plaintiffs have already received overtime payments in 2016 for pre-April 2016 work and have been paid all wages due.

**SIXTH DEFENSE**

A two-year, rather than a three-year, statute of limitations applies to Plaintiffs' FLSA claims as Plaintiffs cannot satisfy their burden of establishing that Defendant willfully violated the FLSA.

**SEVENTH DEFENSE**

Defendant has at all times acted in good faith and had reasonable grounds for believing that any alleged acts or omissions were not a violation of the FLSA (within the meaning of 29 U.S.C. § 260) or any other law.  Accordingly, even if Defendant is found to have violated the FLSA, Plaintiffs are not entitled to recover liquidated damages.

**EIGHTH DEFENSE**

The claims of Plaintiffs and any putative collective action members for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible and/or not expressly forbidden under 29 U.S.C. § 207(h) of the FLSA, including but not limited to credits for paid meal breaks and overtime premium pay credits.

**NINTH DEFENSE**

Plaintiffs' claims should not be maintained in this Court because an identical collective action is already pending in the United States District Court for the Eastern District of Texas. This case should be transferred to the United States District Court for the Eastern District of Texas per the "first-filed rule" as explained in Defendant's Motion to Transfer, Dkt. No. 27.

**TENTH DEFENSE**

Because liability and damages, if any, to Plaintiffs and each putative class member they purport to represent may not be determined by a single jury and/or on a group-wide basis, permitting this action to proceed as a collective action would violate DuPont's rights under, without limitation, the Seventh and Fourteenth Amendments to the United States Constitution.

**ELEVENTH DEFENSE**

Plaintiffs' claims cannot be maintained as a collective action because DuPont's applicable defenses, including in particular Defendant's Eighth Defense pled herein, make the liability and damages inquiries for each putative class member entirely individualized.

**TWELFTH DEFENSE**

Should the Court certify any collective in this matter, the scope of the class should be limited to those hourly employees who were scheduled to work overtime.  The determination of whether any other employees, including employees such as those alleged in paragraph 17 of

Plaintiffs' Complaint that were not scheduled to work overtime, would require individualized analysis of every week of such employees' pay and time records in order to determine liability and/or damages.

<strong><u>THIRTEENTH DEFENSE</u></strong>

Plaintiffs' claims cannot be maintained as a collective action because Plaintiffs' claims require substantial individualized determinations making this case judicially inefficient to manage as a class action.

<strong><u>FOURTEENTH DEFENSE</u></strong>

Plaintiffs' claims cannot be maintained as a collective action because the liability analysis and the evaluation of the credits available to DuPont will vary based on the local practices at each facility.  Management at each facility has the authority to determine the kinds of shifts employees work, the rate of pay for each job classification, what voluntary overtime premium payments are paid and the conditions under which they will be paid, and the number of paid meal periods during each 12-hour shift.

<strong><u>FIFTEENTH DEFENSE</u></strong>

Plaintiffs' claims cannot be maintained as a collective action because the pay codes used at every facility in the "MyInfo" payroll system varied, making any liability and damages determinations different at each facility.

<strong><u>SIXTEENTH DEFENSE</u></strong>

Plaintiffs' claim for unpaid interest for alleged delayed payments of overtime fails to state a claim for which relief can be granted in light of Plaintiffs' claim for liquidated damages. The Supreme Court has held that a plaintiff cannot recover both liquidated damages and prejudgment interest under the FLSA. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715-16

11

(1945).  *See also McClanahan v. Mathews*, 440 F.2d 320, 325 (6th Cir. 1971); *Lilley v. BTM Corp.*, 958 F.2d 746, 755 (6th Cir.), cert. denied, 506 U.S. 940 (1992).

## SEVENTEENTH DEFENSE

Plaintiffs, who were at all times during their employment employees at only three of Defendants' facilities, lack standing to proceed with claims under the FLSA on behalf of any employees who have worked at other facilities owned or operated by Defendant, as such facilities had different relevant pay practices including but not limited to shift premiums, Sunday and/or seventh day, holiday, and vacation.  Should the Court certify any collective in this matter, the scope of the class should be limited to the facilities in which the Named Plaintiffs worked.

## EIGHTEENTH DEFENSE

Plaintiffs, who were at all times during their employment employees at only three of Defendants' facilities are not entitled to proceed on behalf of employees who worked at other facilities because they are not "similarly situated."  Each facility had different relevant pay practices including but not limited to shift premiums, Sunday and/or seventh day, holiday, and vacation.  Should the Court certify any collective in this matter, the scope of the class should be limited to the facilities in which the Named Plaintiffs worked.

## NINETEENTH DEFENSE

Plaintiffs, who allege that they have worked for Defendant "at all times material herein" and all of whom received backpayments from Defendant for overtime in 2016, lack standing to proceed with claims under the FLSA on behalf of any employees who did not receive such backpayments.  Should the Court certify any collective in this matter, the scope of the class should be limited to those who, like all of the Named Plaintiffs, received backpayments from Defendant in 2016.

## **TWENTIETH DEFENSE**

Plaintiffs, who allege that they have worked for Defendant "at all times material herein" and all of whom received backpayments from Defendant for overtime in 2016, are not "similarly situated" to any employees who did not receive such backpayments.  Should the Court certify any collective in this matter, the scope of the class should be limited to those who, like all of the Named Plaintiffs, received backpayments from Defendant in 2016.

Because Plaintiffs' Complaint is phrased in conclusory terms, Defendant cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

DATED this 28th day of June, 2017.

Respectfully submitted,

JACKSON LEWIS P.C.

By: *Justin R. Barnes*
Justin R. Barnes
Tennessee Bar No. 32519
Eric R. Magnus (admitted *pro hac vice*)
Georgia Bar No. 801405
1155 Peachtree Street NE
Suite 1000
Atlanta, Georgia 30309-3600
Phone: (404) 525-8200
Fax: (404) 525-1173
barnesjr@jacksonlewis.com
magnuse@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE

|  |  |
|---|---|
| **KENNETH COOK, JAMES BOTTS, SHAWN HUNTER, LARRY LACLAIR, THOMAS SHORT, GEORGE WILLIS, JAMES CAHOON, CHRIS PAULLEY, on behalf of themselves and all others similarly situated,** | ) ) ) ) ) ) ) ) |
|  | **Case No.: 3:17-cv-00909** |
| **Plaintiffs,** | **District Judge Aleta A. Trauger** |
| **vs.** | ) ) ) ) ) |
| **E. I. DU PONT DE NEMOURS AND COMPANY,** | ) ) ) |
| **Defendant.** | ) |

I hereby certify that a true and correct copy of **DEFENDANT DUPONT'S ANSWER TO PLAINTIFFS' COMPLAINT** and this certificate of service were served upon Plaintiff's counsel, Charles Yezbak, Gregory McGillivary, Diana Nobile and William Li automatically via the Court's ECF filing system on this 28th day of June, 2017.

_Justin Barnes_
Justin R. Barnes, Esq.

4837-1302-6635, v. 1